DECISION AND JUDGMENT ENTRY
{¶ 1} Ohio Farm Network, Inc. (OFN) appeals the judgment granted to Southern Ohio Risk Management, Inc. (SORM) on its breach of contract claim. OFN argues that the trial court erred in issuing summary judgment against it because OFN was not a party to the lawsuit. We agree. Because SORM did not name OFN as a defendant in its "Amended Complaint," OFN was not a party and could not have judgment entered against it.
 {¶ 2} SORM initiated this action by filing a complaint against Phyllis Michael and her business entities, including OFN, contending that the defendants owed $8,000 to SORM in default insurance payments. While the complaint named OFN, it did not indicate its corporate status. Michael filed a "Motion to Dismiss" asserting that the only proper defendant in the case was the corporation, OFN. The trial court sustained the "Motion to Dismiss," but granted SORM leave to amend its pleadings.
 {¶ 3} SORM then filed its "First Amended Complaint." In the caption, SORM named Michael as a defendant in her individual capacity but did not name OFN or any other defendant. Michael filed her "Answer" and asserted that SORM failed to join the corporation, OFN, which was the real party in interest. Michael then filed "Defendant's Suggestion of Bankruptcy," in which Michael informed the court that she had filed Chapter 7 bankruptcy and her debt to SORM had been discharged.
 {¶ 4} SORM filed a "Motion for Summary Judgment" asserting that SORM was entitled to judgment as a matter of law against Michael. Michael responded to the motion by asserting her bankruptcy discharged her debt to SORM.
 {¶ 5} The trial court issued a "Decision and Judgment Entry" granting Michael's "Motion to Dismiss" concluding that the "Amended Complaint" did not cure the original Complaint's failure to allege that Michael was personally liable for the insurance payments. The court also stated that even if the "Amended Complaint" did create an action against Michael individually, her bankruptcy discharge "terminated" the action against her individually. However, the trial court proceeded to grant summary judgment in favor of SORM and against OFN, finding the corporation liable on the debt.
 {¶ 6} OFN's sole assignment of error states:
The Trial Court erred in issuing judgment against a corporation which was then not a party to the lawsuit.
This assignment of error presents us with an issue of personal jurisdiction, which we review as a matter of law.
 {¶ 7} In its original "Complaint," SORM named both Michael, as an individual, and OFN as defendants. However, SORM's "Amended Complaint" lists Michael as the sole defendant. It does not name OFN as a party to the action. OFN argues because it was not a party to the case, it cannot be held liable. SORM argues that OFN cannot raise an issue on appeal which it failed to raise at the trial court level. While this is an accurate statement of law, it does not apply here. OFN had no duty or standing to raise the issue since it was not a party to the litigation.
 {¶ 8} When a party files an amended complaint under Civ.R. 15(A) and fails to include a party that was named in the original complaint, the omitted party is dropped from the case. "An amended complaint takes the place of the original, which is then totally abandoned." Harris v. OhioEdison Co. (1992), Mahoning App. No. 91 C.A. 108, citing 75 Ohio Jurisprudence 3d 343, Pleading, Section 469. The allegations of the amended complaint supersede those of the original complaint. Levy v.Univ. of Cincinnati (1987), Hamilton App. No. C-860780, citing LaBatt v.Twomey (C.A.7, 1975), 513 F.2d 641. Here, SORM named both OFN and Michael as defendants in its original "Complaint." Michael then filed her "Motion to Dismiss" asserting that the proper defendant in the case was the corporation, OFN. The court granted the "Motion to Dismiss," but also granted leave to SORM to amend its complaint to allow SORM to name OFN in its corporate status. In SORM's "Amended Complaint," it failed to name OFN as a defendant and only brought the action against Michael. Because SORM did not name OFN as a defendant in SORM's "Amended Complaint," the trial court lacked jurisdiction over OFN and could not enter a valid judgment against it. Furthermore, as OFN asserts, this is not a case in which SORM simply omitted OFN from the caption by mistake. Rather, the "Amended Complaint" asserts claims only against Michael and makes none against the corporation.
 {¶ 9} SORM also argues the facts and circumstances support Summary Judgment in its favor, apparently against Michael in her individual capacity. However, SORM has not filed a notice of appeal or cross-appeal contesting the trial court's decision that Michael's obligations to SORM have been discharged in bankruptcy. Therefore, we have no jurisdiction to address SORM's argument that summary judgment should be rendered against Michael.
Judgment reversed and cause remanded.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Municipal Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. McFarland, J.: Concur in Judgment and Opinion.